UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT A SEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02743-WTL-DML |
| ) | |
| RONALD RICHARDSON Sheriff, Madison ) | |
| County, ) | |
| ANDY WILLIAMS Jail Commander, ) | |
| Madison County, ) | |
| MICHELLE SUMPTER Supervisor, Madison ) | |
| County, ) | |
| MADISON COUNTY, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss**

Plaintiff Robert Seal is a prisoner incarcerated at the Indiana State Prison. He brings this complaint pursuant to 42 U.S.C. § 1983 alleging that his rights were violated while he was a pretrial detainee at the Madison County Jail. Because Seal is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court screened his complaint pursuant to 28 U.S.C. § 1915A(b) and permitted the following claims to proceed: (1) the claim all of the defendants violated that his rights under Religious Land Use and Institutionalized Persons Act ("RLUIPA") when he was not provided with a halal diet; and (2) his claims that defendants Ronald Richardson, Andy Williams, and Michelle Sumpter violated his First Amendment rights. The First Amendment claim against Madison County (the "County") was dismissed because there is no allegation that the First Amendment violation was the result of a widespread county practice or policy. The

defendants now seek dismissal of a number of claims that the Court permitted to proceed. For the reasons that follow, the motion to dismiss [dkt 17] is **granted in part and denied in part**.

## I. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht*

*v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

## II. Discussion

As discussed below, the defendants seek partial dismissal of Seal's RLUIPA and First Amendment claims.

### A. *RLUIPA Claims*

First the defendants seek dismissal of Seal's RLUIPA claims against Madison County and against the defendants in their individual and official capacities.

#### 1. Madison County

First, the County seeks dismissal of the RLUIPA claim against it because the County does not maintain custody and control of the Jail. Indiana Code § 36-2-2-24(a) states the county executive is responsible for establishing and maintaining a county jail. But the term "maintain" imposes only a duty on the board of commissioners to keep the county jail in repair. *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356 (Ind. Ct. App. 1994). "Once the county establishes and then reasonably maintains the jail, it is not responsible for administering the manner of an inmate's incarceration." *Id.* at 356. Instead, the Jail is under the supervision of the county sheriff, not the county's board of commissioners. Ind. Code § 36-2-13-5(a)(7) ("the sheriff shall…take care of the county jail and the prisoners there."). *Hooper v. Lain*, 2015 WL 1942791, at *3-4 (N.D. Ind. 2015) (Indiana law does not create a duty of care on the part of the county to any particular inmate). Because the sheriff is in charge of the Jail, not Madison County itself, it cannot be held liable for actions that took place there. Accordingly, Seal's claims against Madison County must be **dismissed**.

#### 2. Individual Defendants

Next, Williams and Sumpter move for dismissal of the RLUIPA claims against them because RLUIPA does not allow suits against prison staff in their individual capacities. *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) ("RLUIPA does not authorize any kind of relief against public employees, as opposed to governmental bodies that receive federal funds…"). Williams' and Sumpter's request for dismissal of the RLUIPA claims against them in their individual capacities is **granted**.

### 3. Official Capacity Claims

The defendants also move to dismiss Seal's RLUIPA claims for injunctive relief. Seal seeks injunctive/declaratory relief to "require the Madison County Jail to provide religious diets and/or vegan alternative meal." Because Seal is no longer incarcerated at the Madison County Jail, the defendants assert that his claim for injunctive relief is moot. *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996) (When "a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Seal responds that he could be transferred back to the Jail because he has pending proceedings for post-conviction relief. But "the mere possibility of re-transfer is insufficient" to render a request for injunctive relief live. *Shidler v. Moore*, 446 F.Supp.2d 942, 946 (N.D. Ind. 2006). Here, while it is possible that Seal will be transferred back to the Jail, he has not alleged that it is likely. Accordingly, his request for injunctive relief must be **dismissed as moot**.

Any claim for damages under RLUIPA against the defendants in their official capacities is not moot, however, and **can proceed**. *Cf. Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1168 (9th Cir. 2011) (allowing monetary damages claim under RLUIPA

against a municipality); *see also Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 290 (5th Cir. 2012).

### B. *First Amendment Claims*

The defendants also seek dismissal of the First Amendment claims against defendant Michelle Sumpter in her individual capacity and against all of them in their official capacities.

#### 1. Michelle Sumpter

Defendant Michelle Sumpter seeks dismissal of the claims against her arguing that Seal does not allege that she personally participated in the alleged deprivation of Seal's rights.

"A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Here, Seal alleges that Sumpter and the other defendants "failed to provide an adequate diet in accordance with the Plaintiff Seal's sincere religious beliefs." Dkt. 1 at 4. This is sufficient at the pleading stage to state a claim that Sumpter personally violated Swanson's First Amendment rights. *Cf. Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (to allege an employment discrimination claim, all that was needed was to allege the type of discrimination, by whom, and when). The motion to dismiss the First Amendment claim against her is therefore **denied**.

#### 2. Official Capacity Claims

Next, the defendants seek dismissal of any First Amendment claims against them in their official capacity. Any claim against an individual defendant in his or her official capacity is in essence a claim against the Sheriff. But a municipality is vicariously liable under 42 U.S.C.§

1983 for the alleged misdeeds of its employees only if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). Because Seal has made no claim that the defendants' actions were the result of a policy or practice of the Sheriff, any First Amendment claim against a defendant in his or her official capacity is **dismissed**.

### III. Conclusion

For the foregoing reasons, the motion to dismiss [dkt 16] is **granted in part and denied in part**.

The motion is **granted as follows:** The RLUIPA claim against Madison County is **dismissed**. Any claim for injunctive relief is **dismissed**. Finally, any First Amendment claim against any defendant in his or her official capacity is **dismissed**.

The motion is **denied as follows:** Any RLUIPA claim for damages against a defendant in his or her official capacity **shall proceed**. In addition, the First Amendment claim against Michelle Sumpter in her individual capacity **shall proceed**.

### IV. Further Proceedings

Because Sumpter's request for dismissal of the claims against her has been denied, she shall have **twenty-one** days after the issuance of this Entry to file an Answer.

The Court notes that defendant Ronald Richardson has not filed an Answer or responsive pleading to the complaint though counsel has filed an appearance on his behalf. The Court sent Notice of Lawsuit and Request to Waive Service of a Summons forms to this defendant on December 7, 2016. The forms were not returned either executed or unexecuted. It is the Court's duty to attempt to assist pro se litigants in effecting service on defendants. Consistent with this duty, **counsel who has appeared on behalf on Richardson is requested to either obtain**

**Richardson's consent to waive service of a summons or notify the Court, through an *ex parte* filing if necessary, of Richardson's last known address. Counsel shall have thirty days to do so**.

  **IT IS SO ORDERED.**

Date: 3/17/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com

ROBERT A SEAL
248674
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360