UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT A SEAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:16-cv-02743-WTL-DML ) |
| RONALD RICHARDSON Sheriff, Madison County, ANDY WILLIAMS Jail Commander, Madison County, MICHELLE SUMPTER Supervisor, Madison County, MADISON COUNTY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Robert Seal, an Indiana inmate, brings this civil rights action alleging that his civil rights were violated while he was incarcerated at the Madison County Jail. Specifically, he asserts that he was denied his right to a halal diet. The defendants have moved for summary judgment on the affirmative defense that Seal failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act. For the reasons that follow, the motion for summary judgment, Dkt. No. 32, is **denied**.

**I. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable

inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. Facts

The following statement of material facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Seal as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Seal was incarcerated at the MCDC from February 25, 2014, through October 17, 2014. The MCDC had a written grievance procedure that was in effect during this time ("MCDC Grievance Procedure"). The MCDC Grievance Procedure gave all inmates the right to file grievances "concerning any incident or conditions of confinement in the Madison County Detention Center." The MCDC Grievance Procedure applied to complaints concerning any condition of confinement and related matters of inmate treatment, including dietary concerns and actions of the jail staff.

The MCDC Grievance Procedure was available for inmates to review on a daily basis in the following ways:

> a. Broadcast on a jail television monitor for inmates to view during the book-in process;
> b. Continuously broadcasted on Channel 7 of all televisions available for inmate use;
> c. Available for inmate review during the inmate's use of the jail's electronic communication system ("Kiosk System"); and
> d. Availability of jail staff to explain the MCDC Grievance Procedure upon inmate request.

The MCDC Grievance Procedure rules states, in relevant part:

> An inmate may file a grievance concerning any incident or conditions of confinement in the Madison County Detention Center. Grievances must be submitted on the Kiosk by the inmate in the approved grievance section…
> The grievance officer will then review the grievance and take the necessary action to resolve the grievance, if appropriate. A response should be received within 10 days of the receipt of the grievance. If no response is received within 10 days of submitting the grievance, the inmate should consider the grievance denied and proceed with any appeal if desired.

The Grievance Procedure contains the following appellate remedies in the event an inmate was dissatisfied with the handling of his/her grievance:

> [If] the inmate is dissatisfied with the response to the grievance he/she may appeal the response to the Jail Commander. An appeal must be submitted in the kiosk system and clearly set forth all ground for the inmate's disagreement with the response. Any appeal to the Jail Commander must be submitted within 5 days of the receipt of initial response from the Sergeant.
>
> Failure to submit any appeal will result in the default of the appeal. The Jail Commander will respond to the appeal within 10 working days of the receipt. The response will be done via the kiosk system. If no response is received within 15 days of submission of the appeal to the Jail Commander, the inmate should consider the appeal denied and proceed with an appeal to the Sheriff if desired.
>
> If you are dissatisfied with the response of the Jail Commander to the grievance appeal you may further appeal the grievance to the Sheriff. Any appeal to the Sheriff must be in writing and set forth all grounds for the inmate's disagreement with the Jail Commander's response. A copy of the original grievance, response, appeal and response should be attached.

> Any appeal to the Sheriff must be submitted within 5 days of the date of receipt of the Jail Commander's response to the appeal. Failure to submit any appeal to the Sheriff within the applicable time period will result in the default of the appeal. Copies of all grievances, responses, appeals and appeal responses shall be maintained of file at the department.

Although Seal filed several grievances and other complaints using the Jail's inmate electronic communication system ("Kiosk"), he never appealed his complaints to the Sheriff.

Seal asserts that MCDC staff did not instruct him on how to use the grievance process and he was otherwise unable to learn the process. He states that the television with information scrolling during the "book-in process" was difficult to see and the viewer had to be present at the time the information was scrolling in order to gather the information. With regard to televisions in the inmate blocks, Seal states that these televisions were prone to malfunction, were often unreadable, and were frequently controlled by other inmates.

Seal goes on to state that only the first step of the grievance procedure was available on the Kiosk because users had limited control of the message address and subject matter. He further states that his access to and the time he was able to use inmate Kiosks was limited because it was available only when inmates were in the dayroom area and because Kiosks are shared by several inmates. According to Seal, the time he was able to use the Kiosks was limited because the Kiosks enforced a time-limit per user login to allow other inmates to use the system. Further, Kiosks had multiple uses, including browsing and ordering commissary, electronic messaging, and grievance messaging. He also states that the Kiosks often malfunction. In addition, no instructions were provided on how to use the Kiosk system to submit grievances.

Seal goes on to assert that he made several attempts to address his issues with MCDC staff, who failed to provide him with any other remedy or instruction on how to proceed. He says he posted several messages on the Kiosk's limited message system, as well as repeatedly posted

grievances regarding the same issue. Jail staff provided no verbal instruction nor guidance, nor did they post any electronic message response directing him to the grievance policy or instruction or guidance on how to proceed to the next available remedy. Finally, he states that an appeal to the Jail Commander must be submitted via the Kiosk system before proceeding to an Appeal to the Sheriff but there was no option to appeal or message the Jail Commander on the Kiosk system.

### III. Disucssion

The defendants argue that Seal has failed to exhaust his available administrative remedies as requried by the PLRA. Seal argues that he was not provided with instructions on how to use the grievance procedure and that he was not able to appeal the responses to his greivances.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The PLRA contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement depends on the "availab[ility]" of administrative remedies: Thus, an inmate must exhaust available remedies, but need not exhaust unavailable ones. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). In other words, prison staff who have the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Thomas v. Reese*, 787 F.3d 845, 847-48 (7th Cir. 2015) (grievance process was unavailable when the inmate was told he could not file a grievance).

Here, it is undisputed that Seal submitted grievances through the Kiosk system but did not appeal them to the Jail Commander or the Sheriff as required by the grievance policy. Seal argues that the methods used to publish the grievance policy were often unavailable and unreliable and he therefore was not aware of the requirements of the grievance policy. He also asserts that he attempted to complete the grievance process by filing grievances on the Kiosk, but that there was no option on the Kiosk to appeal the grievance response to the Jail Commander as required by the grievance policy. The defendants urge the Court to reject Seal's evidence that suggests that he was not aware of the grievance policy, arguing that Seal admits that he was aware of the policy because he could, at least on occasion, view it on the television in the book-in area and in his unit. The defendants conclude, therefore, that Seal was not actually prevented from discovering the grievance procedure. They also present evidence that Seal used the Kiosk

regularly and conclude that Seal's assertion that was unable to use the Kiosk to grieve is contradicted by this evidence such that the Court should reject Seal's statement.

At this stage, Seal has submitted sufficient evidence to create a genuine issue of material fact regarding whether administrative remedies were available to him. The evidence in the light most favorable to Seal is that the grievance procedure was posted only by scrolling messages on televisions that were not always accessible and did not always display that particular message and on a Kiosk for which use was limited and navigation was difficult. Seal cannot be expected to exhaust remedies for which he was not aware or did not fully understand. *See Ross*, 136 S.Ct. at 1859 (citing *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322 (11th Cir. 2007) ("It is difficult to define "such remedies as are available" to an inmate in a way that includes remedies or requirements for remedies that an inmate does not know about, and cannot discover through reasonable effort by the time they are needed.")). The defendants quibble with Seal's evidence, but are essentially asking the Court to make a credibility determination, which it cannot do at summary judgment. Moreover, the defendants do not meaningfully address Seal's contention that there was no option to appeal to the Jail Commander on the Kiosk. Without the ability to submit this appeal, he was not able to complete the process. *Cf. Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). ("Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."). Because Seal has created a genuine issue of material fact regarding whether the grievance procedure was available to him and whether he was able to appeal to the Jail Commander, the defendants are not entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, Dkt. No. 32, is **denied**. The motion for an extension of time, Dkt. No. 43, and the motion to strike the surreply, Dkt. No. 46, are each **denied as moot** because the surreply was not considered. The defendants shall have **through December 22, 2017,** in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual disputes detailed above. If the defendants seek a hearing on the affirmative defense, the plaintiff may request the Court attempt to recruit counsel to represent him for purposes of the hearing. The **clerk shall include** a form motion for assistance with recruiting counsel with Seal's copy of this Entry.

**IT IS SO ORDERED.**

Date: 11/28/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT A SEAL
248674
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Electronically registered counsel