UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ROBERT A SEAL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02743-WTL-DML |
| | ) | |
| RONALD RICHARDSON Sheriff, Madison County, | ) | |
| ANDY WILLIAMS Jail Commander, Madison County, | ) | |
| MICHELLE SUMPTER Supervisor, Madison County, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Leave to File Amended Complaint
and Screening Amended Complaint**

**I. Motion for Leave**

Plaintiff Robert A. Seal's motion for leave to file amended prisoner complaint, Dkt. No. 56, is **granted**. Mr. Seal had until March 30, 2018 to amend his Complaint, *see* Dkt. No. 54, which he did on March 22, 2018. The clerk **shall re-docket** the proposed Amended Complaint (Dkt. No. 56-1) as the Amended Complaint.

**II. Screening Standard**

Plaintiff Robert Seal is a prisoner currently incarcerated at the Indiana State Prison. Because Mr. Seal is a "prisoner" as defined by 28 U.S.C. § 1915(h), the amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. Background

Mr. Seal filed his original complaint on October 11, 2016. That complaint named four defendants: (1) Ronald Richardson, (2) Andy Williams, (3) Michelle Sumpter; and (4) Madison County. Mr. Seal alleged that his rights under Religious Land Use and Institutionalized Persons Act (RLUIPA) were violated when he was not provided with a halal diet. He further alleged that his First Amendment rights were violated.

The Court screened the complaint on December 7, 2016, and allowed his RLUIPA claims against all defendants and his First Amendment claims against Richardson, Williams and Sumpter to proceed. The Court dismissed his First Amendment claim against Madison County.

On February 13, 2017, defendants filed a motion to dismiss seeking partial dismissal of certain claims. On March 17, 2017, the Court granted in part and denied in part defendants' motion to dismiss. Dkt. No. 21. The RLUIPA claim against Madison County was dismissed. Any claim for injunctive relief was also dismissed. Finally, any First Amendment claim against any defendant in his or her official capacity was dismissed.

### IV. Mr. Seal's New Allegations and Claims

In his amended complaint, Mr. Seal wishes to add additional claims. Specifically, he wishes to add claims against Richardson, Williams and Sumpter for violation of Indiana's Religious Freedom Restoration Act ("RFRA") Indiana Code § 34-13-9-0.7, *et seq.* He further asserts that Richardson, Williams and Sumpter violated his Eighth Amendment rights through

2

deliberate indifference towards his dietary needs, cruelty by subjecting him to sleep deprivation, and deliberate indifference towards his medical needs.

The Eighth Amendment's ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Seal alleges that Richardson, Williams, and Sumpter violated his Eighth Amendment rights because he was subjected to sleep deprivation tactics. However, his allegations are insufficient to state a claim against Richardson, Williams, or Sumpter as he fails to identify how they are individually responsible for the sleep deprivation. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). The Eighth Amendment claim based on sleep deprivation tactics must therefore be **dismissed**.

To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766,

775 (7th Cir. 2014). Mr. Seal merely alleges that he was not medically screened, but does not explain how he suffered from an objectively serious medical condition that the defendants knew about. Thus, his claim of deliberate indifference to his medical needs must be **dismissed**.

Mr. Seal further alleges that Richardson, Williams, or Sumpter were deliberately indifferent to his dietary needs and knew he would suffer from food deprivation. This claim **may proceed**.

Mr. Seal alleged Eighth Amendment claims against Richardson, Williams, and Sumpter in their official capacity. Any claim against an individual defendant in his or her official capacity is in essence a claim against the Sheriff. But a municipality is vicariously liable under 42 U.S.C.§ 1983 for the alleged misdeeds of its employees only if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816 (7th Cir. 2009). Because Mr. Seal has made no claim that the defendants' actions were the result of a policy or practice of the Sheriff, any Eighth Amendment claim against a defendant in his or her official capacity is **dismissed**.

## V. Claims that will Proceed and Claims that are Dismissed

Based on the prior screening, the Court's order on the motion to dismiss and the above screening, the following claims **shall proceed**:

- First Amendment claim against Richardson, Williams, and Sumpter, only in their individual capacity;

- RLUIPA claim for damages against Richardson (in his official and individual capacity), Williams (in his official capacity), and Sumpter (in her official capacity);

- Indiana's RFRA claim against Richardson, Williams, and Sumpter, in their official and individual capacity; and

- Eighth Amendment claim against Richardson, Williams, and Sumpter, only in their individual capacity, related to their deliberate indifference of his dietary needs that resulted in food deprivation.

Mr. Seal's (1) Eighth Amendment claim against defendants in their official capacity for deliberate indifference to his dietary needs; (2) Eighth Amendment claim against defendants for deliberate indifference to his medical needs; and (3) Eighth Amendment claim against defendants for deliberate indifference through sleep deprivation tactics are **dismissed** for the reasons discussed above.

## VI. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## VII. Further Proceedings

The defendants have already appeared. They **shall have twenty-one days** to file an Answer or other responsive pleading to the Amended Complaint.

**IT IS SO ORDERED.**

Date: 3/27/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT A SEAL
248674
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com